IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JEFFREY K. DAVIS                                            PLAINTIFF

v.                                                  CAUSE NO. 3:19MC11-LG-RHW

UNITED STATES MARSHALS
SERVICE, ET AL.                                       DEFENDANTS

## ORDER OVERRULING PLAINTIFF'S OBJECTION
## TO MAGISTRATE JUDGE'S ORDER

BEFORE THE COURT is the Plaintiff's [10] Objection to and Appeal of Order Denying Motion to Compel Discovery. Plaintiff contends that the Magistrate Judge's Order denying discovery from the Department of Justice is clearly erroneous. Although the Court earlier dismissed Plaintiff's claims against the Department of Justice, Plaintiff moved to compel the Department of Justice to respond to his subpoena seeking information about how and why it found him unsuitable for the District Supervisor position Walden Security desired to hire him for. The Magistrate Judge denied the motion to compel, finding that the reasoning behind the Department of Justice's unsuitability decision was not relevant to Plaintiff's breach of contract claim against Walden Security in the underlying civil case, *Davis v. U.S. Marshals Service, et al.*, No. 3:16cv300-LG-RHW.

In his objection, Plaintiff argues that the Magistrate Judge improperly "insinuated" that Plaintiff was never employed by Walden Security and placed the burden of proving relevancy on him rather than the Department of Justice. Plaintiff contends that the discovery sought is relevant to his breach of contract

claim against Walden Security; in the event that the Department of Justice's suitability analysis was improperly performed, Walden Security breached its contract with the Marshals Service when it terminated his employment. Plaintiff also contends that he should be able to discover any communication between the Department of Justice and Walden Security regarding the reason Plaintiff was found unsuitable, because that might bear on Walden's denial that it was so informed.

The Court reviews the orders of the Magistrate Judge on non-dispositive pretrial matters for clear error. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). The clear error standard precludes modifying or setting aside the Magistrate Judge's order unless this Court is "left with the definite and firm conviction that a mistake has been committed." *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 213 (5th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).

The Court finds no error in the Magistrate Judge's order. As the party seeking to compel discovery, Plaintiff has the burden of demonstrating clearly that information sought is relevant to the case and would lead to admissible evidence. *See* Fed. R. Civ. P. 37(a)(2) and (a)(3)(B); *see also Baptist Health v. BancorpSouth Ins. Servs., Inc.*, 270 F.R.D. 268, 272 (N.D. Miss. 2010). Reviewing the complaint, Plaintiff groups all defendants together in his breach of contract claim, but he clearly alleges Walden Security found him qualified for the District Supervisor position as required by the contract. (Am. Compl. 14, ECF No. 31.) A reading of the complaint as a whole indicates that the remaining allegations go to the actions of

the Department of Justice or the Marshals Service – Plaintiff alleges that the defendants breached the contract between Walden Security and the Marshals Service when they failed to "make an appropriate 'suitability' determination" (which is separate from the "qualified" determination), denied him employment on that basis, and did not give him written notice or an opportunity to object. (*See id.* at 11, 14-15.)

This Court agrees with the Magistrate Judge that the Department of Justice's reasoning simply does not have anything to do with whether Walden Security breached its contract with the Marshals' Service. The Department of Justice could have been right or wrong to decide that Plaintiff was not suitable to perform under the contract, but the contract gave Walden Security no right of input to or oversight of the government's suitability decision. The remaining question in this case is whether Walden Security's subsequent actions constitute breach of contract. Accordingly, the objections to the Magistrate Judge's order will be overruled.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's [10] Objection to and Appeal of Order Denying Motion to Compel Discovery is **OVERRULED**.

**SO ORDERED AND ADJUDGED** this the 16th day of July, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE